IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT JOSEPH MORKE,

                              OPINION and ORDER

        Plaintiff,

                              10-cv-94-slc[1]

    v.

ARCHER DANIELS MIDLAND CO.,
JOHN JONAS and MIRANDA GERARD,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action, plaintiff Robert Joseph Morke alleges that defendants discriminated against him when he was terminated from his employment. Plaintiff has asked for leave to proceed in forma pauperis and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over the case.

1

      prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.
- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.
- Substantial assets or debts require individual consideration.

In this case, plaintiff has no dependents. He states that he is unemployed and receives $200 per month in a food share program. Plaintiff's annual income of $2,400 is well below the threshold to qualify for indigent status. Therefore, plaintiff can proceed without any prepayment of fees or costs.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, because plaintiff is requesting leave to proceed without prepayment of costs, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

I cannot reach the merits of plaintiff's claims at this time because his pleading violates Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 also requires that the complaint contain enough allegations of fact to make

2

a claim for relief plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007); Aschcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (holding that the plausibility standard set forth in Twombly applies to "all civil actions"). To determine whether a complaint meets the requirements of Rule 8, a district court should disregard "mere conclusory statements" and assess whether the well-pleaded facts alone state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949.

    Plaintiff alleges that (1) on November 13, 2007, he filed a complaint with the Wisconsin Equal Rights Division and the Equal Employment Opportunity Commission and two days later defendant John Jonas told him that his personnel records were unavailable when plaintiff requested them; (2) when plaintiff asked about a grievance concerning "efficiency/pay ratios," defendant John Jonas told him that defendant did not need facts or numbers; (3) when plaintiff asked for additional training for himself, defendant Jonas told him "we can't train you now"; (4) when plaintiff requested a driver for future drug testing, defendant Jonas told him "okay"; (5) when plaintiff proposed a technique for increasing corporate yearly profit by 2.5% to 5%, defendant Jonas told him "that's not a good idea," after which plaintiff's gross income was reduced by 16%; (5) Between December 13 and December 14, 2007, defendant Miranda Gerard met with plaintiff at the Archer Daniels Midland plant and returned an original grievance dated October 21, 2007 concerning an anti-discrimination and harassment policy. She then suggested that plaintiff resign from

3

Archer Daniels Midland; (6) on March 4, 2008, plaintiff was terminated "without warning" after Jonas told him that he "repeatedly challenge[d] management with complaints."

Plaintiff adds that, after he was terminated, defendant Jonas stated that "the entire summer" had been "filled" with complaints by plaintiff, including a discrimination case with the Wisconsin Department of Workforce Development, and explained that "we needed to get him out of the plant before something very serious occurred, or before good employees started to leave." In addition, defendants Jonas and Archer Daniels Midland told plaintiff that "after consultation with Miranda Gerard, it was determined that we had endured enough, and [plaintiff] can and should be terminated for insubordination."

Plaintiff asserts claims against defendants for "defamation" and "discrimination" and appears to be pursuing a claim for retaliatory termination as well. To the extent plaintiff is pursuing a claim for discrimination, he has failed to give adequate notice to defendants about his claim. It is not clear what kind of discrimination occurred (was it race discrimination? age discrimination? sex discrimination? something else?), who engaged in acts of discrimination or what those persons did to make plaintiff believe they were discriminating against him. All that can be gleaned from the complaint is that plaintiff was unhappy with something that he perceived to be discrimination and filed claims related to his concerns.

As for the claim for defamation, plaintiff does not identify any false statements or

4

suggest that any defendant made such statements to any people other than plaintiff, each of which would be necessary to support a claim for defamation. Schindler v. Seifer, 474 F.3d 1008, 1010 (7th Cir. 2007) (citing Torgerson v. Journal/Sentinel, Inc., 210 Wis. 2d 524, 534, 563 N.W.2d 472, 477 (1997)).

Although plaintiff mentions defamation and discrimination, perhaps he describes these things as background for the one claim he does support with facts: his claim for retaliatory termination. To state a claim for statutory retaliation, plaintiff must allege facts that allow an inference that (1) he engaged in an activity protected by statute; (2) he suffered an adverse employment action taken by the employer; and (3) there is a causal connection between the adverse employment action and the protected activity. Kodl v. Board of Education School District 45, Villa Park, 490 F.3d 558, 562 (7th Cir. 2007) (citation omitted).

Plaintiff alleges that he was fired because of certain complaints related to "discrimination." Although this is a start, plaintiff does not include enough facts to allow an inference that he was engaged in a protected activity when he made those complaints. In particular, plaintiff does not provide any information about what he said in the complaints. "To constitute protected expression, 'the complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class. Merely complaining in general terms of . . . harassment, without indicating a connection to

5

a protected class or providing facts sufficient to create that inference, is insufficient.'" Id. at 563 (citation omitted). Until plaintiff identifies what he complained about, it is not possible to determine whether he states a claim for retaliatory termination.

Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that includes the allegations that I have identified as missing; if it satisfies Rule 8, I will consider the merits of plaintiff's claims. If plaintiff decides to file an amended complaint, he should write it as if he were telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did defendants do that makes them liable for violating plaintiff's rights?
- How was plaintiff injured by defendants' conduct?

Plaintiff may have until April 6, 2010 in which to file an amended complaint to repair the Rule 8 problems I have identified. If he fails to do so by then, I will order the case closed for plaintiff's failure to prosecute it.

ORDER

IT IS ORDERED that

1. Plaintiff Robert Joseph Morke's complaint is DISMISSED because it is in

violation of Fed. R. Civ. P. 8.

2. Plaintiff may have until April 6, 2010, in which to submit a proposed amended complaint that conforms to Rule 8. If, by April 6, 2010, plaintiff fails to respond to this order, the clerk of court is directed to close this case for plaintiff's failure to prosecute.

3. If, by April 6, 2010, plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915.

Entered this 16th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge